UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

FILED
JAN 0 5 2006
CLERK

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR. 99-50078-RHB |
| Plaintiff, | ) | |
| vs. | ) | ORDER |
| LOUIS MEANS, | ) | |
| Defendant. | ) | |

## NATURE AND PROCEDURE OF THE CASE

Defendant has filed a "Petition for Writ of Error Pursuant to Federal Rules of Civil Proc. Rule 60(b)." Defendant was charged in an indictment with assault with intent to murder and assault resulting in serious bodily injury. Counsel was appointed to represent defendant. Defendant entered into a plea agreement with the United States wherein he agreed to plead guilty to Count II of the indictment charging assault resulting in serious bodily injury. The sentencing court, in its discretion, departed upward based upon U.S.S.G. §§ 5K2.2 (physical injury) and 5K2.8 (extreme conduct) and sentenced defendant to 96 months incarceration. Defendant did not appeal the sentence. Rather, defendant filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2255. In his petition, defendant alleged that he received ineffective assistance of counsel and that the sentencing court abused its discretion by departing upward based upon an illegal factor. The Court, upon reviewing the record, denied defendant's petition.

Defendant now moves to correct the judgment stating that he "recently discovered evidence of Fraud, Lack of Subject Matter Jurisdiction and Lack of Personam Jurisdiction that support his claim of Actual and Factual Innocence as well as his claim of Ineffective Assistance of his Counsel . . . ." Defendant essentially argues that the district court lacked jurisdiction because the crime occurred in Bennett County, parts of which once were reservation lands but have been sold and are no longer under federal jurisdiction.

## DISCUSSION

A.   **Timeliness**

Defendant brings this motion pursuant to Federal Rule of Civil Procedure 60(b), which provides that "the court may relieve a party . . . from a final judgment, order, or proceeding for the following reasons (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial . . . (3) fraud . . ., misrepresentation, or misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied . . .; or (6) any other reason justifying relief from the operation of the judgment." Fed. R. Civ. P. 60(b) also provides that the motion must be made "within a reasonable time." If the basis of the motion is newly discovered evidence or fraud, the motion must be made "not more than one year after the judgment, order, or proceeding was entered or taken." In this case, the judgment was entered on March 24, 2000. This motion was filed on December 2, 2005, more than one year after the entry of the judgment. As a result, the Court finds that this motion is untimely.

B.   **Jurisdiction**

As stated previously, defendant contends that the district court lacked jurisdiction to sentence him for the crimes of assault with intent to murder and assault resulting in serious bodily injury because the crime did not occur within federal jurisdiction. Defendant points to United States v. Parkinson, 525 F.2d 120 (8th Cir. 1975), in which the Eighth Circuit stated, "[w]e hold that Bennett County, South Dakota, was severed from the Pine Ridge Indian Reservation by the Act of May 27, 1910, and became part of the public domain and the State of South Dakota." The Eighth Circuit goes on to say that South Dakota has jurisdiction to prosecute "criminal acts occurring on non-Indian land within Bennett County[,]" thus inferring that federal jurisdiction would still exist on Indian lands within Bennett County. In fact, the case dealt with a specific tract of land within Bennett County described in metes and bounds and lying north of the Tenth Standard Parallel. See Cook v. Parkinson, 396 F. Supp. 473, 480 (D.S.D. 1975).

Regardless of defendant's reading of Parkinson, the Eighth Circuit has previously held that "'[i]n order for a defendant who has pleaded guilty to sustain a challenge to the district court's jurisdiction, he must establish that the face of the indictment failed to charge a federal offense.'" United States v. Pemberton, 405 F.3d 656, 659 (8th Cir. ) (quoting Mack v. United States, 853 F.2d 585, 586 (8th Cir. 1998)). The indictment in this matter charges:

Count I

On or about the 21st day of August, 1999, near Allen, in Indian country, in the
District of South Dakota, the defendants, Louis Means and Byron Bissonette,
Indians, did unlawfully assault Bradley Dean Young, with the intent to
murder, in violation of 18 U.S.C. §§ 113(a)(1) and 1153.

Count II

On or about the 21st day of August, 1999, near Allen, in Indian country, in the District of South Dakota, the defendants, Louis Means and Byron Bissonette, Indians, did unlawfully assault Bradley Dean Young, said assault resulting is [sic] serious bodily injury, in violation of 18 U.S.C. §§ 113(a)(6) and 1153.

The Court finds that the indictment sets forth each essential element necessary to allege a federal crime. Though defendant alleges that the prosecutor acted fraudulently by stating that crime occurred in Indian country, he admitted that Allen Housing was within the exterior borders of the Pine Ridge Indian Reservation when he pleaded guilty. "A guilty plea admits factual allegations in the indictment that form the basis for federal jurisdiction." Mack v. United States, 853 F.2d 585, 586 (8th Cir. 1998) (citing United States v. Matthews, 833 F.2d 161, 164 (9th Cir. 1987)). Furthermore, as part of his plea agreement, defendant signed a Statement of Factual Basis which contained the facts of what happened during the offense. Within the factual basis statement, defendant admitted that the alleged physical altercation occurred at "a house in Allen Housing, within the exterior boundaries of the Pine Ridge Indian Reservation." As a result, defendant has admitted the facts necessary to form the basis of federal jurisdiction. Accordingly, it is hereby

ORDERED that defendant's motion for writ of error (Docket #129) is denied.

Dated this 4th day of January, 2006.

BY THE COURT:

/s/ Richard H. Battey
RICHARD H. BATTEY
UNITED STATES DISTRICT JUDGE